**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Silvio Diaz, # 83114-004, | ) | |
| | ) | Civil Action No.: 8:17-cv-01534-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden Gio Ramirez, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 15, 2017. (ECF No. 15.) The Report addresses Plaintiff Lionel S. Bradley's ("Plaintiff") Petition for Writ of Habeas Corpus ("Petition") and recommends that the court dismiss the Petition without prejudice and without requiring Warden Gio Ramirez ("Defendant") to file a return. (ECF No. 15 at 5.) For the reasons stated herein, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Report and **DISSMISSES** the Petition without prejudice and without requiring Defendant to file a return.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 15.) As brief background, Plaintiff, proceeding *pro se*, filed the instant Petition on June 12, 2017. (ECF No. 1.) In his Petition, Plaintiff alleges that his sentence is unconstitutional under § 4B1.1 of the United States Sentencing Guidelines ("USSG"). (ECF No. 1-1 at 1-3.) Moreover, Plaintiff asserts that the savings clause of 28 U.S.C. § 2255 permits him to file his Petition under 28 U.S.C. § 2241 because § 2255 is not an adequate or effective remedy to test the legality of his conviction. (*Id.*) In support of his argument, Plaintiff

cites to *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

The Magistrate Judge filed the Report on August 15, 2017. (ECF No. 15.) First, the Magistrate Judge reasoned that Plaintiff's Petition "seeks to invalidate his sentence . . . without the career offender enhancement" and should have been brought under § 2255 in the sentencing court. (*Id.* at 3.) Second, the Magistrate Judge determined that the savings clause of § 2255 did not permit Plaintiff to bring his Petition because he fails to "allege that the substantive law changed such that the conduct of which [Plaintiff] was convicted is now deemed not to be criminal . . . ." (*Id.* at 4.) Lastly, the Magistrate Judge noted that the savings clause of § 2255 has not been extended to prisoners who are only challenging their sentence. (*Id.* at 5.) The Report ultimately concluded that the Petition should be dismissed without prejudice and without requiring Defendant to file a return. (*Id.* at 5.) The parties were apprised of their opportunity to file objections to the Report on August 15, 2018. (*Id.* at 15.) On September 1, 2017, Plaintiff filed his Objection to the Report. (ECF No. 18.) In his Objection, Plaintiff argues that the savings clause of § 2255 permits him to bring his Petition pursuant to § 2241. (*Id.* at 1.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Furthermore, a failure to file specific written

objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997).

### III. DISCUSSION

The court finds that the Magistrate Judge adequately addressed the issues raised by Plaintiff and arrived at the correct conclusion, however, the Report does not examine the Petition in light of recent precedent from the United States Court of Appeals for the Fourth Circuit.[1] As discussed in the Report, "[§] 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention." (ECF No. 15 at 3.) Additionally, as correctly noted by the Report, the Fourth Circuit previously set forth three elements to determine whether a claimant satisfies the savings clause and shows that § 2255 is an inadequate remedy. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). However, the Fourth Circuit has recently

---

[1] The court adheres to the general rule that judicial precedent is applied retroactively. *See Cash v. Califano*, 621 F.2d 626, 632 (4th Cir. 1980) (holding that the Secretary of Health, Education, and Welfare failed to avoid the general rule that "judicial decisions are to have retroactive effect"). Since the Report does not consider recent precedent from the United States Court of Appeals from the Fourth Circuit, the court rejects the Report in this regard. *See* 28 U.S.C. § 636(b)(1).

extended and modified the *Jones* decision to alleged sentencing errors. *See United States v. Wheeler*, 886 F.3d 415, 426-29 (4th Cir. 2018). In accordance with the *Wheeler* decision, a claimant must establish the following in order to invoke the savings clause and demonstrate the inadequacy of § 2255:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429 (citations omitted). The requirements of the savings clause are jurisdictional and must be met in order for this court to entertain Plaintiff's Petition. *See Walker v. Smith*, No. 5:17-HC-2140-FL, 2018 WL 4286183, at *2 (E.D.N.C. Sept. 7, 2018) ("If petitioner cannot satisfy each of these four requirements, § 2255 is not inadequate or ineffective to test the legality of the sentence, and the court lacks subject matter jurisdiction to consider the claim under § 2241." (citation omitted)).

In the instant case, Plaintiff has failed to satisfy all of the elements of the savings clause test. (*Compare* ECF Nos. 1, 18, *with Wheeler*, 886 F.3d at 429.) Here, Plaintiff cannot satisfy the second prong of *Wheeler* because *Mathis*, a case in which Plaintiff heavily relies in order to challenge his career offender status (ECF No. 18 at 1-3), "has not been deemed to apply retroactively on collateral review" nor did it change the substantive law. *Copeland v. Kassell*, 733 F. App'x 717, 717 (4th Cir. 2018) (citing *Dimott v. United States*, 881 F.3d 232, 234 (1st Cir. 2018)). *See also Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) ("However, . . . *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, [it] reiterated and clarified the application of the categorical approach or the modified categorical approach, to

determine whether prior convictions qualify as predicates for recidivist enhancements." (citations omitted)); *Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017) ("*Mathis* did not announce a substantive change to the law."). Plaintiff cites to the law of numerous other federal circuit courts in his Petition and Objection. (*See* ECF Nos. 1, 18.) Notwithstanding the merit and sound reasoning of those cases, this court is required to adhere to the law of the Fourth Circuit and applies those legal principles to the instant Petition.[2] Thus, Plaintiff has failed to satisfy the *Wheeler* test, and the court does not have subject matter jurisdiction over his Petition. *See Stewart v. Bragg*, No. 4:18-1021-RMG, 2018 WL 3520503, at \*2-3 (D.S.C. July 20, 2018) (holding that a claimant challenging his career offender status pursuant to § 2241 failed to meet the second prong of the *Wheeler* test and the court therefore lacked jurisdiction over a petition).

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (ECF No. 15). The court **DISMISSES** Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice and without requiring Defendant to file a return.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[2] "[A] lower court generally is 'bound to carry the mandate of the upper court into execution . . . .'" *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (citing *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). In addition, "[c]oherent and consistent adjudication requires respect for the principle of stare decisis and the basic rule that the decision of a federal circuit court of appeals left undisturbed by United States Supreme Court review is controlling on the lower courts within the circuit." *See Condon v. Haley*, 21 F. Supp. 3d 572, 587 (D.S.C. 2014).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

   **IT IS SO ORDERED.**

*J. Michelle Childs*

       United States District Judge

October 5, 2018
Columbia, South Carolina